UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

---

CATHERINE RAY,  individually and on
Behalf of all others similarly situated,

        Plaintiff,

v.                                                          Case. No. 08-5025

AMERICAN AIRLINES, INC.,

        Defendant.

---

**MEMORANDUM OF LAW IN REPLY TO DEFENDANT S OPPOSITION TO PLAINTIFF S REMAND MOTION AND IN SUPPORT OF PLAINTIFF S RULE 60 b MOTION FOR RECONSIDERATION OF GRANTING DEFENDANT S MOTION TO AMEND ITS NOTICE OF REMOVAL**

As and for a memorandum of law, Plaintiff Catherine Ray, by and through her

attorneys, respectfully submits as follows:

**I. The Defendant s Motion to Amend its Notice of Removal with a Settlement Letter dated March 3rd, 2008, should not have been granted.**

    **A.  The court granted the Defendant s motion to amend its removal notice without waiting the normal time for the opposing side s opposition papers as provided for in the Court s Local Rule 7.2(b).**

On March 17th, 2008, the Defendant filed a Motion to Amend its Notice of

Removal to add a Settlement Letter from Plaintiff Attorney Paul S. Hudson to Defendant

Attorney Michael Powell.  The court granted the motion by order issued on March 19th,

2008.

Time shortening of the 11 day period for submission of opposition papers was neither applied for nor granted by the court, and this was not a motion made on consent. Accordingly, this motion was granted contrary to procedural due process before Plaintiff could present opposition to the Motion to Amend.  As set forth below in this Memorandum of Law and accompanying Declaration of Paul S. Hudson, the Settlement Letter submitted to this court was in flagrant violation of the settlement communications privilege, the specific terms of the Settlement Letter, Federal Rules of Evidence 408 and 403, and the ADR settlement confidentiality rules of the Northern District of California. Accordingly, it is respectfully submitted that the court should reconsider its granting of the Defendant s Motion to Amend the Notice of Removal.

**A. Settlement communications are privileged.**

The public release of plaintiff s settlement letter is a willful breach of the confidentiality and privilege accorded to all settlement communications.  See *Goodyear Tire & Rubber Co. v Chiles Power Supply, Inc.*, 332 F.3d 976 (6th Cir. 2003)[holding  any communications made in furtherance of settlement are privileged. ]; *Jackson v Bell South Tel.*, 372 F.3d 1250, 1273 et seq (11th Cir. 2004); *Cook v Yellow Freight System, Inc.*, 132 FRD 548, 553 (ED Cal. 1990)[there is  a well established privilege relating to settlement discussions ]; *Rural Development Inc. v Stone*, 700 SW2d 661 (Tex. App.-Corpus Christi 1985); Tex. R. Evid. 408 ( evidence of conduct or statements made in compromise negotiations   is not admissible); *Connor v Michigan Wisconsin Pipe Line Co.*, 113 NW2d 121 (Wis. 1962).  The strong public policy of encouraging settlement of lawsuits is behind the settlement communications privilege. See  4 Wigmore Evidence

(3rd ed.) p. 33, sec. 1062 (criticizing some courts for having adopted too liberal a view in admitting settlement statements); McCormick, The Scope of Privilege in the Law of Evidence , 16 Tex. L.R. 447, 457 (1938); Ray, Texas Law of Evidence, Sec. 1142 (3rd ed. 1980); Anno. 80 ALR 919.  And under Federal Rules of Evidence 501, privileges are not static but are governed by the common law and the judicial experience of the federal courts.

### B. Federal Rules of Evidence prohibit the use of the Settlement Letter.

Federal Rules of Evidence 408 provides that a settlement offer may not be used to establish the amount of a claim.  As noted by the Official Commentary, this rule was adopted because settlement offers are inherently unreliable, being subject to many considerations such as puffing and discounting .

Federal Rules of Evidence 403 also provides that the court has discretion to exclude any evidence where prejudice exceeds its probative value.  Such is the situation here, given the violation of settlement privilege and ADR confidentiality rules of the District Court of the Northern District of California set forth below.  Permitting this settlement letter to be used to amend the removal notice would not only prejudice the Plaintiff but would undermine the ADR process and encourage future violations of the settlement communications privilege in this and other districts.  Granting the Defendant s motion to amend would also be rewarding attorney misconduct.

The Defendant s counsel justify their actions under *Cohen v Petsmart*, 281 F.3d 837, 840 (9th Cir. 2002) that unwisely allowed settlement letters to be used as evidence of  amount in controversy.  But this case s dubious distinction between the amount of a

3

claim and the amount in controversy does not take into account the new developments in the law, and is in direct conflict the confidentiality rules and privileges involving settlement communications.

Mandatory ADR, which both encourages and requires conferring and meeting for settlement purposes contains both explicit and implicit promises of confidentiality, is a recent development.

The cases cited by Defendant s counsel in their Motion to Amend also do not take into account that the law regarding removal/remand of class actions to federal court changed dramatically with the Class Action Fairness Act of 2005 (CAFA). CAFA now permits appeals to the Circuit of remand decisions after removal, multiple removals to federal court, and allows removals from state to federal court beyond one year. So now, to be safe, attorneys would have to hold off on any settlement discussions or demands indefinitely, lest settlement communications be used against the settlement offering party in removal and possibly other proceedings. This places attorneys for a party in conflict with mandatory ADR orders which as in the related California case required the parties to  confer and meet  regarding settlement and ADR options.

The *Cohen* case and its progeny are controversial, even before the enactment of CAFA. Even courts permitting settlement letters as evidence of the amount in controversy do so with great trepidation.  See cases collected in *Vermande v Hyundai Motor America, Inc*., 352 F.Supp.2d 195, 199-203 (D.Conn. 2004).

In sum, this court should not countenance attorneys violating the settlement communications privilege, by releasing good faith settlement letters and materials to the assigned judge and using them in motions in violation of settlement confidentiality rules

and privilege.   If the promise of confidentiality in settlement negotiations can be ignored or circumvented so easily and without penalty, it will chill all settlement discussions and/or entrap parties that in good faith cooperate and participate in ADR proceedings, and discourage early settlement of lawsuits in this court.

**II. The Settlement Letter is consistent with the Plaintiff's position in its remand motion and confirms that Defendant has not met its burden of proof to show federal jurisdictional amounts in controversy.**

In her remand motion, Plaintiff's position was that her individual claim including attorney fees and expenses did not exceed the jurisdictional amount by being over $75,000.  See Ray Affidavit par. 5, Doc. Entry #14[1].  The Settlement letter affirms this by proposing $50,000, most of which is based on a class representative incentive amount which would also need to be approved by the court in a fairness hearing under FRCP 23.

Also in the remand motion, Plaintiff took the position that she could not determine whether the class amount in controversy exceeds $5 million, which is required for federal jurisdiction under CAFA, as the number of class members (those passengers confined over three hours in AA aircraft diverted from DFW airport on December 29th, 2006) is uncertain.  It may be as high as 12,000 or as low as under two thousand.  See Declaration of PS Hudson at par.3,4,  Doc. Entry #14[2].   If the Court does not grant the remand motion outright, Plaintiff requested limited discovery as part of the remand motion to determine the number in the class, which information the Defendant has closely guarded and not released.  See Memorandum of Law. at Pt. II, Doc. Entry #15.

Where there is uncertainty whether the jurisdictional amount is met, the doubt must be resolved in favor of remand.  See Memorandum of Law. at Pt. I B, Doc. Entry #15.

The Defendant s Motion to Amend papers also misstates that the amount of the settlement offer exceeds $5 million for the class and over $75,000 for plaintiff, while instead it caps all amounts at $5 million maximum for the class (under the CAFÉ jurisdictional amount must exceed $5 million for the federal jurisdiction) and includes $50,000 for the individual plaintiff (also under the individual jurisdictional amount), and includes all attorney fees, costs, interests, disbursements, etc.  See Doc. Entry #18 at p.4 of Ex. B (Settlement Letter).

Attorneys for the Defendant fundamentally misconstrued the settlement offer amounts in its motion papers. First, the settlement letter provides that attorney s fees and expenses <u>are included,</u> not in addition to the proposed settlement amounts.  Second, the $5 million cap for the class is just that, should the number of class members  claims be less than expected, the amount would be less.  Third, both the amounts proposed for the individual plaintiff of $50,000 and the class are less than the jurisdictional amount.  See Def. Motion To Amend Notice of Removal, Doc. Entry #18 Ex. B (Settlement Letter).

The Settlement Letter was in furtherance of the settlement of two putative class actions arising out of the same incident, one case in Arkansas and one in California involving different plaintiffs, different flights and potentially different state law and facts. Under FRCP 23(e) and Supreme Court case law, when a common fund is created as was proposed here, attorneys  fees are taken out of the common fund, not as an additional item of recovery.  And the court must hold a fairness hearing and find that the attorney fees are fair and reasonable.  See *Francisco v Numismatic Guaranty Corp.,* USDC SDFL, Case No. 06-61677-CIV,  2007 U.S. Dist. LEXIS 96618,* at p. 12-16, citing *Boeing Co. v Van Gemert*, 444 U.S. 472, 478 (1980).  Hence any class action settlement package as

the Settlement Letter was a preliminary effort towards preparing must include the amount of attorney fees.  See *Foster v Boise-Cascade, Inc.,* 420 F.Supp. 674 (USDC SD TX, 1976) [holding any attempt to shield attorney fees from court review under FRCP 23(e) is without merit].

Furthermore, as attorney fees are normally not included in determining the amount in controversy, the separate listing of attorney fees in the Settlement Letter is irrelevant to proof of the jurisdictional amount.  See *Spielman v Genzyme Corp.*, 251 F.3d 1 (1st Cir. 2001) [possibility of award for attorney fees to plaintiff cannot be used to make up the jurisdictional amount].

In no other case that we have found, has a court denied remand where the settlement letter confirms that the amount in controversy does not meet the minimum jurisdictional amount.

In sum, this disclosure and use of settlement communications in motion practice before this court, has clearly been prejudicial to plaintiff, and undermines the integrity of the ADR program in the Northern District of California.  This conduct represents violations of ADR confidentiality rules, the privilege of settlement communications, and possibly Rule 11.

But even if considered by the court, the Settlement Letter of March 3rd, 2008, confirms that defendant has not met its burden of proof that the minimum amounts for federal jurisdiction have been met.

**III. The Burden of Proof re the Jurisdictional Amount Remains on the Removing Party Even on Remand Motion, which not been Met by Defendant American Airlines (AA) in this Case.**

7

The burden on AA is not to show what the amount in controversy could be but what it actually is based on the complaint and other evidence.  See *Morgan v Gay*, USDC DNJ, Case No. 06-1371, 2006 U.S. Dist. LEXIS 55211, and cases cited therein.

It is settled law that if a Plaintiff does not wish to try a case in federal court, he or she may resort to the expedient of suing for less than the jurisdictional amount, as Ms Ray clearly did in her complaint regarding her individual case here.  See Complaint at par. 69; *St. Paul Mercury Indem. Co. v Red Cab Co.*, 303 U.S. 283, 294 (1938); 14B C. Wright & Miller, Federal Practice and Procedure, Sec. 3702 at 46 (3rd Ed. 1998) [ Under well settled principles the plaintiff is the master of his or her own claim; if plaintiff chooses to ask for less than the jurisdictional amount, only the sum actually demanded is in controversy.  ].

AA could have voluntarily disclosed the likely number of class members in its opposition papers to remand, since it controls this information, thereby adding factual support to its assertion that the amount in controversy for the class exceeds the $5 Million CAFA jurisdictional amount.  Instead, it simply added more assertions based on a misconstruction of an improperly disclosed settlement letter, and opposed any discovery that would take its assertions out of the realm of speculation.  This factual nondisclosure and opposition to discovery of the true facts should entitle Plaintiff to a negative inference against AA assertions and speculations on the CAFA jurisdictional amount, since it can be presumed that were the facts on its side it would have disclosed the likely number of class members.

Defendant has completely failed to meet its burden to prove that the amount in controversy exceeds $75,000 to a  legal certainty  . See *Gilmer v Walt Disney*, 915

8

F.Supp. 1061 (WD Ark. 1996). None of the other cases cited by Defendant support its position. *In re Minn. Mut. Life Ins. Co. Sales Pract. Lit*. 346 F.3d 830, 834-5 involved insurance policies. *Capital Indem. Corp. v Miles*, 978 F.2d 437, 438 (8th Cir. 1992) is based on Missouri law, and *Babcock-Wilcox Co. v Parsons Corp.*, 430 F.2d 531, 540 is not on point.

Wherefore, the motion to amend the notice of removal should on reconsideration be denied, the Settlement Letter (Doc. Entry #20, Ex. B) stricken, expunged or placed under seal, and the Plaintiff s Remand Motion granted, with attorney fees and motion costs and disbursements charged to the Defendant..

April 7,

                                    Respectfully submitted,
                                    CATHERINE RAY, PLAINTIFF

By:     /s/ Bobby Lee Odom
        Bobby Lee Odom, AR Bar # 70054
        Russell Winburn AR Bar # 87193
        Odom Law Firm, P.A.
        1 East Mountain
        P.O. Drawer 1868
        Fayetteville, AR 72702-1868
        (479)442-7575
        (479) 442-9008 Fax
        bodom@odomfirm.com
        rwinburn@odomfirm.com

        Law Offices of Paul S. Hudson, P.C.
        4411 Bee Ridge Road, #274
        Sarasota, FL 34233
        (410) 940-8934
        (240) 391-1923 fax
        Globetrotter1947@hotmail.com

        Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was served via the Court s EFC filing system on April 7, 2008 upon the following:

Kevin A. Crass
R. Christopher Lawson
Friday, Eldredge & Clark, LLP
3425 North Futrall Drive, Suite 103
Fayetteville, AR  72703-4811

                                                /s/ Bobby Lee Odom
                                                Bobby Lee Odom