IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CATHERINE RAY, on behalf of herself
and all others similarly situated,                              PLAINTIFF

    V.                CIVIL NO. 08-5025

AMERICAN AIRLINES, INC.                                         DEFENDANT

## **ORDER**

Currently before the Court are Plaintiff's Motion for Reconsideration (Docs. 43-44); Defendant's Motion to Reconsider Motion to Dismiss (Docs. 45-46) and Plaintiff's Response (Doc. 49); Defendant's Motion to Strike Declaration of Paul S. Hudson (Docs. 50-51) and Defendant's Motion for Leave to File a Reply (Doc. 52). The Court, being well and sufficiently advised, finds Plaintiff's Motion (Doc. 43) should be GRANTED, and Defendant's Motions (Docs. 45, 50 and 52) should be DENIED.

On June 2, 2008, the Court granted Defendant's Motion to Dismiss in part and denied it in part (Doc. 42). Plaintiff requests certain clarifications/modifications of that order, and Defendant filed no objections. Plaintiff contends Defendant's Motion to Dismiss Plaintiff's breach of contract and fraud claims should be without prejudice and requests the Court specify that Plaintiff's claims involving compensation

for lodging, meals, ground transportation and other expenses are preempted *"except to the extent that such claims or expenses are covered by specific terms of the Conditions of Carriage."* The Court finds the motion should be GRANTED and will file an amended order.

Defendant moves the Court to reconsider its ruling denying Defendant's Motion to Dismiss on Plaintiff's claims for false imprisonment, intentional infliction of emotional distress, and negligence.

The Federal Rules of Civil Procedure do not mention motions for reconsideration. Such a motion is generally construed as a Rule 59(e) motion to alter or amend a judgment, or as a Rule 60(b) motion for relief from a judgment or order. *See Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999). The Court's order denying in part Defendant's motion to dismiss was not a final order. *See* Fed. R. Civ. P. 54(b). Accordingly, Defendant's motion to reconsider must be construed as a Rule 60(b) motion. *See Broadway*, 193 F.3d at 989.

Rule 60(b) authorizes a court to grant relief from an order for reasons such as mistake, inadvertence, surprise, excusable neglect, or newly discovered evidence. *See* Fed. R. Civ. P. 60(b)(1)-(2). None of these circumstances are asserted here. Additionally, Defendant's arguments were fully

2

considered prior to the Court's ruling on the motion to dismiss. Accordingly, Defendant's motion for reconsideration (Doc. 45) is hereby DENIED. Further, Defendant's motions to stike and to file a reply (Docs. 50 and 52) are likewise DENIED.

IT IS SO ORDERED this 22nd day of August, 2008.

/S/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge

AO72A
(Rev. 8/82)